1  DWIGHT M. SAMUEL (CA SB# 054486)
   A Professional Corporation
2  117 J Street, Suite 202
   Sacramento, California 95814-2282
3  E-Mail: dmsamuel@oldsaclaw.com
   Telephone: (916) 447-1193
4
   Attorney for Defendant
5  Kenneth Knanishu

6
                    IN THE UNITED STATES DISTRICT COURT
7
                   FOR THE EASTERN DISTRICT OF CALIFORNIA
8

9
   UNITED STATES OF AMERICA    )   CASE NO.: CR.S-05-00105 WBS
10                             )
      Plaintiff,                )
11                             )   Knanishu ~~Proposed~~ Findings on Appeal
      v.                        )
12                             )
   Kenneth Knanishu             )
13                             )
      Defendant.                )
14 _____)

15   The Honorable Judge William B. Shubb finds as follows:

16        After conducting a hearing and considering all of the arguments and materials lodged

17   with the court the following findings and orders are made pursuant to the Bail Reform Act.

18        Findings:

19        I. Defendant does not pose a significant flight danger and there are conditions that will

20   reasonably insure defendant's appearance at all times and dates directed.

21        II. The court finds that there are conditions or a combination of conditions which will

22   reasonably assure the safety the community.

23        The court orders the following:

24        The defendant shall be released upon the following conditions:

25        1. Defendant and co signers Joan Pool and her husband Ivan Pool are  required to sign

26        an unsecured Appearance Bond in the amount of $50,000.00

27

28   _____
                              **Detention order**

2. The Defendant shall report to and comply with the rules and regulations of the Pretrial Services Agency;

3. The Defendant shall report in person to the Pretrial Services Agency on the first working day following the defendant's release from custody;

4. The Defendant's travel is restricted to the Eastern District of California without the prior consent of the pretrial services officer;

5. The Defendant shall reside at the residence of Joan and Ivan Pool, and shall not leave except to obtain necessary medical treatment or to make scheduled court appearances. If he does leave the residence for medical treatment, he shall remain in the actual physical presence of Joan or Ivan Pool at all times.  If he leaves the residence for court appearances, he shall remain in the physical presence of Joan or Ivan Pool unless he is in the presence of a court officer in the courtroom;

6. The Defendant shall not possess a firearm, destructive device, or other dangerous weapon; additionally, The Defendant shall provide written proof of divestment of all firearms currently under your control;

7. The Defendant shall abstain from alcohol or any use of a narcotic drug or other controlled substance without a prescription by a licensed medical practitioner and the defendant shall notify Pretrial Services immediately of any prescribed medication(s). Medicinal marijuana, prescribed or not, may not be used;

8. The Defendant shall obtain no passport during the pendency of this case;

9. The Defendant shall not view or possess child pornography as defined by 18 USC 2256(8), except in the presence of his attorney to prepare for your defense;

10. The Defendant shall not have access to any computer either in the residence in which he is directed to residence or elsewhere.  If there is a computer in the residence the computer will be kept in a locked room without the defendant having access to that room;

11. The Defendant shall not access the Internet at his residence or elsewhere.  Joan and

**Detention order**

1 | Ivan Pool shall take steps to assure that he does not have access to a computer with an
2 | internet connection;
3 | 12. The Defendant shall not use any device offering Internet access;
4 | 13. The Defendant shall not loiter or be found within 100 feet of any school yard, park,
5 | playground, arcade or other place primarily used by children under the age of 18;
6 | 14. The Defendant shall not associate or have verbal, written, telephonic or electronic
7 | communication with any person who is under the age of 18, except in the presence of
8 | another adult who is the parent or legal guardian of the minor;
9 | 15. The Defendant shall be placed under house arrest and is to reside at the residence of
10 | Joan and Ivan Pool, and not absent himself from this residence, except to receive
11 | necessary medical treatment or make scheduled court appearances, without the prior
12 | approval of that officer;
13 | 16. The Defendant shall, in accordance with this release order, have a home monitoring
14 | unit installed in the defendant's residence, a radio frequency transmitter device attached
15 | to the defendant's person, and shall comply with all instructions for the use and operation
16 | of said devices as given to the defendant by the Pretrial Services Agency and employees
17 | of the monitoring company;
18 | 17. The Defendant shall be personally responsible for the cost of the Electronic
19 | Monitoring Program and shall pay the monthly fee as instructed by the Pretrial Services
20 | Agency.
21 | 18. The Defendant shall be released to the third party custody of Joan and Irvin Pool and
22 | shall not be outside of their residence without one of them present with him.
23 | 19. Joan and Ivan Pool shall insure that defendant complies with all of the foregoing
24 | conditions.  If defendant leaves their physical presence or fails to comply with any of the
25 | foregoing conditions, Joan and Ivan Pool shall promptly notify the Pretrial Services
26 | Officer by calling (916) 930-4350.
27
28 | **Detention order**

20. If at any time Joan or Ivan Pool shall be unable to comply with the conditions of this Order, they shall promptly notify the Pretrial Services Officer and return the defendant to the custody of the United States Marshal, by bringing him, along with a copy of this order to the United States Marshal's Office 501 I Street, Fifth Floor, Sacramento California.

21. By agreeing to this order, Joan and Ivan Pool acknowledge that their failure to comply with any of the provisions of this Order may constitute contempt of court, punishable by fine or imprisonment or both.

22. Defendant and Joan and Ivan Pool shall appear before the duty Magistrate Judge and execute the bond referred to in paragraph 1, and admonishment of conditions of release, and Joan and Ivan Pool shall agree to abide by this order by signing in the spaces provided below, before this order shall become effective.

IT IS SO ORDERED.

Dated: October 27, 2006

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

WE AGREE TO THE FOREGOING ORDER:

_____        _____
     Joan Pool                                    Ivan Poole

**Detention order**